Oroplata Mining Company v. Commissioner.
Oroplata Mining Co. v. Commissioner
Docket No. 110972.
United States Tax Court
1943 Tax Ct. Memo LEXIS 512; 1 T.C.M. (CCH) 402; T.C.M. (RIA) 43018; January 13, 1943
*512 Jess B. Hawley, Esq., Eastman Bldg., Boise, Idaho, for the petitioner. E. A. Tonles, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: Respondent determined a deficiency in income tax for the year 1939 in the amount of $2,168.62. The only question is whether petitioner is entitled to a deduction for depletion in the amount of $10,792.09, representing percentage depletion, with respect to mining operations carried on during 1939 on certain property in Oregon known as the Hanson and Barnes lease. Respondent disallowed the deduction for reasons stated hereinafter. [The Facts] Petitioner filed its income return for the year 1939 with the collector for the district of Idaho. The parties have stipulated the facts and they are adopted and incorporated herein by reference as our findings of fact. Petitioner is an Oregon corporation organized in December of 1938. It acquired substantially all of the assets of the Western Gold Corporation on December 6, 1938, in a nontaxable reorganization under section 112 of the Revenue Act of 1938. Among the properties transferred to petitioner was the Hanson and Barnes mining agreement concerning certain mining ground in Grant *513 County, Oregon, which was entered into by Western on December 6, 1937. No mining operations were carried on until September of 1938 when Western began actual mining and extracted minerals until December 31, 1938. Petitioner took over the property as of January 1, 1939, and mined during 1939. Although Western mined the above property during 1938, no net income was realized, because the gross income did not equal the expenses of operation, exclusive of any deduction for depletion. Western made its income tax return1for u938 on the calendar year basis. In that return no deduction was claimed for depletion sustained on account of its operation of the above property. When, in 1939, petitioner mined the property, realizing a net profit of $21,044.39, exclusive of depletion allowance, it then claimed depletion under the percentage method, in its return, for the first time. That is, in its 1939 return, petitioner made an election to take depletion on a percentage basis. [Opinion] The parties have stipulated that petitioner is bound by any election of failure to elect made by the Western Gold Corporation relative to allowable depletion on mining property transferred by it to petitioner. *514 Petitioner concedes that it is bound by the election of its predecessor, leaving only the question of whether or not the petitioner's predecessor, having realized a gross income, but no net income, from the operation of the property during 1938, bound the petitioner for the year 1939. Petitioner relies on . The question is controlled by the decision of the Supreme Court in . Petitioner so agrees in its memorandum brief. Under that decision, petitioner was foreclosed from making an election in 1939, under section 114 (b) (4) of the Revenue Act of 1934, to have the depletion allowance computed with regard to percentage depletion. The return which petitioner filed in 1939 was not the "first return" in respect of the property in question. Western was put to an election in the return it filed for 1938 and it failed to state an election of percentage depletion, thereby foreclosing any subsequent claim to percentage depletion. On this issue respondent is sustained. The parties have agreed that, under another *515 issue, petitioner is entitled to deduction for depletion in connection with its operation in 1939 of properties covered by the Blue Mountain Gold Dredging Corporation agreement in the amount of $2,510. Decision will be entered under Rule 50.